```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| PATRICIA BENJAMIN, as Guardian of the Estate of Ronald Williams, a minor, | )<br>)<br>)<br>) |
| Plaintiff, | )   Civil No. 2008-74 |
| v. | )<br>) |
| AIG INSURANCE OF PUERTO RICO, and ESSO VIRGIN ISLANDS, INC., as Successor to ESSO STANDARD OIL, S.A. LTD., | )<br>)<br>)<br>) |
| Defendants. | ) |

**Attorneys:**

**Kenth Rogers, Esq.**
   St. Thomas, U.S.V.I.
   *For the Plaintiff*,

**Bennett Chan, Esq.**
   St. Thomas, U.S.V.I.
   *For Defendant Esso Virgin Islands, Inc.*,

**Gregory E. Wolfe, Esq.**
   St. Thomas, U.S.V.I.
   *For Defendant Esso Virgin Islands, Inc.*,

**Wilfredo A. Geigel, Esq.**
   St. Thomas, U.S.V.I.
   *For Defendant AIG Insurance of Puerto Rico.*

                        **MEMORANDUM OPINION**

**Gőmez, C.J.**

   Before the Court is the motion of the plaintiff Patricia Benjamin ("Benjamin") to remand this action for lack of

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 2

jurisdiction. Defendants AIG Insurance of Puerto Rico ("AIG") and Esso Virgin Islands, Inc. ("Esso")(jointly "defendants") oppose the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Fitzroy Williams ("Williams") was an Esso employee. He enrolled in a Group Life Benefits insurance policy (the "life insurance policy") offered by Esso to its employees, through AIG. The premiums for the policy were deducted from Williams' wages. Williams named his son Ronald Williams ("Ronald") as the beneficiary of the policy. Williams was declared dead on September 9, 1997, after an airplane he was piloting disappeared on September 19, 1994.

On April 2, 2002, Patricia Benjamin ("Benjamin") filed a petition in the Territorial Court to be appointed guardian of Ronald.[1] On December 10, 2002, Benjamin was appointed Ronald's guardian pursuant to an order of the Territorial Court.

Benjamin claims that on July 18, 2003, AIG issued two checks that total more than $70,000. However, Benjamin claims that the checks are not negotiable because they were made out to the estate of Ronald Williams, a minor. She also claims that Ronald

---

[1] At the time, the court of the territory was known as the Territorial Court of the Virgin Islands. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). This Court employs both names, using whichever one applied during the period under discussion.

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 3

is entitled to $100,000, the policy limit.

Benjamin filed suit against AIG and Esso in the Territorial Court on February 18, 2004. Her original complaint did not enumerate distinct counts. However, it sought proceeds from the insurance policy that she claims were denied.

Benjamin amended her complaint on April 29, 2008. Count I of her complaint alleges a breach of the duty of good faith and fair dealing. In count II, she alleges that AIG and Esso conspired to defraud Ronald. Though her amended complaint enumerates separate counts, it essentially seeks the same relief as her original complaint. That is, it seeks recovery of insurances proceeds that she claims were denied.

The defendants removed Benjamin's action on May 15, 2008. Benjamin moved to remand. AIG and Esso oppose that motion. They claim that Benjamin's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. As such, they argue that jurisdiction lies in this court.

## II. DISCUSSION

### A. Jurisdiction

District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 4

of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)(citing *Gully v. First National Bank*, 299 U.S. 109 (1936); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).

> By statute,
>
> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Even where a federal cause of action does not appear on the face of a complaint, removal may be appropriate. Indeed, if the area of law invoked by the complaint is completely preempted by federal law, any claim founded on that area of law arises under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.")(citation omitted); *See also In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999)(discussing "narrow exception to the well-pleaded complaint rule for instances where Congress has expressed its intent to

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 5

'completely pre-empt' a particular area of law such that any claim that falls within this area is 'necessarily federal in character.'")(citation omitted).

## B. Timing of removal notice

>Removal must be effected within a limited time:

>The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). Accordingly, if a case is removable from its inception, the 30-day limit begins to run from the date of service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

Even when a case is timely removed, that case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). When considering a motion to remand, the burden is on the party asserting federal jurisdiction exists. *See*

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 6

*Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### III. ANALYSIS

**A. Preemption and removal timing**

AIG and Esso assert that this Court has jurisdiction over this matter because Benjamin's claims fall within the ERISA civil enforcement provisions. They argue that such claims are completely preempted by federal law. They further argue that this action became removable at the time Benjamin amended her complaint. Accordingly, they assert that removal was timely.

Congress included narrow civil enforcement provisions in ERISA through which an aggrieved beneficiary of an employee benefit plan could seek redress. Indeed, United States Code title 29, § 1132 ("section 502") provides in pertinent part that,

> A civil action may be brought--
>
> (1) by a participant or beneficiary-- . . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132. Claims that seek benefits that have been denied or delayed are completely preempted. *See Taylor*, 481 U.S. at 62-63 (finding a suit by a beneficiary to recover benefits from an ERISA-covered plan fell directly under section 502).

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 7

The life insurance policy at issue in the original complaint, which provides death benefits to designated beneficiaries, falls within ERISA's definition of an "employee welfare benefit plan." *See* 29 U.S.C. § 1002(1). Benjamin claimed that AIG and Esso wrongfully those benefits from Ronald after Williams' death. Benjamin's claims are precisely the type that are covered by ERISA's civil enforcement provision. Accordingly, those claims are completely preempted by ERISA. *See, e.g.*, *Taylor*, 481 U.S. at 62-66 (finding plan participant's common law contract and tort claims to recover benefits under an ERISA-covered plan were completely preempted by ERISA, and thus raised federal question).

Where, as here, a federal question is presented in a cause of action asserted in a state court, removal must occur within 30 days of service on the defendants. 28 U.S.C. § 1446(b). Here, Benjamin first filed this action in the Territorial Court on February 18, 2004. Esso received service of process on February 25, 2004. AIG received service of process on June 7, 2004. Because the original complaint made claims that were preempted by ERISA, Esso and AIG were required to file notices of removal, if at all, no later, and than March 25, 2004 and July 7, 2004, respectively. AIG and Esso filed a joint notice of removal on May 15, 2008, almost four years after they were served with

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 8

Benjamin's original complaint. That notice of removal was untimely. *See, e.g.*, *Queen v. Dobson Power Line Const. Co.*, 414 F. Supp. 2d 676, 680 (E.D. Ky. 2006)(remanding case based on untimely removal where it was "discernable" from the original complaint that ERISA might preempt the plaintiff's cause of action); *Flowerette v. Heartland Healthcare Center*, 903 F. Supp. 1042, 1044-46 (N.D. Tex. 1995)(remanding case in which notice of removal was not filed within 30 days of initial petition, where that petition implicated federal law, including ERISA). As such, the Court will order this matter to be remanded to the Superior Court.[2]

**B. Attorney's fees**

Benjamin asserts that the defendants' notice of removal of this action was filed without a reasonable basis and in bad faith. The touchstone for deciding the award of attorney's fees on remand is whether there was "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S.

---

[2] AIG and Esso also claim that Benjamin waived her right to remand by participating in discovery in this Court. This argument is without merit. The first two documents Benjamin filed after removal were a motion for remand and a request for entry of default, both of which were uploaded to the docket by the Clerk of Court on June 12, 2008. As such, Benjamin did not indicate that she assented to this Court's jurisdiction, and has not waived her right to move for remand. *See, e.g.*, *Fellhauer v. Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987)("In the removal context, waiver consists of 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'")(citation omitted).

*Benjamin v. Esso, et al.*
Civil No. 2008-74
Memorandum Opinion
Page 9

132, 171 (2005).  Here, the possibility of federal preemption provided an objectively reasonable basis for filing a notice of removal.  Accordingly, the Court will deny Benjamin's motion for attorney's fees.

## IV. CONCLUSION

The Court will grant Benjamin's motion to remand this matter to the Superior Court.  The Court will deny Benjamin's motion for sanctions and for attorney's fees.  An appropriate order accompanies this opinion.

S\_____
      **Curtis V. Gómez**
         **Chief Judge**